STATE v. WILLIAM MOORING.

*Assault—Resisting Officer—Right of Officer to Forcibly Enter House to Serve Warrant.*

1. An officer armed with process on a breach of the peace, may, after demanding and being refused by the occupant admittance into a house for the purpose of making the arrest, lawfully break the doors in order to effect an entrance, and if he act in good faith in doing so, both he and his *posse comitatus* will be protected.

2. The doctrine that a man's house is his castle, which cannot be invaded in the service of process, was always subject to the exception that the liberty or privilege of the house did not exist against the King.

3. If an officer has valid process in his hands and fails to find the accused in the house after breaking the door, he does not become a trespasser *ab initio* although informed by one within the house, before the breaking, that the person whom the officer seeks is not in the house.

4. A person who drew an axe upon an officer who, having the authority to do so, broke into a house for the purpose of arresting one whom he believed to be in the house, was guilty of an assault.

Indictment for assault and battery with a deadly weapon upon one Ray, an officer, tried at the March Term, 1894, of the Superior Court of MARTIN County, before *Bynum, J.*

The officer Ray had a warrant for the arrest of one Johnson for assault and battery, and after summoning a posse proceeded to the house of the defendant where he demanded admittance with his posse for the purpose of making the arrest under said warrant. The defendant replied that Johnson was not in his house and forbade the officer to enter. The officer Ray then broke open the door, whereupon the defendant drew an axe upon Ray and ordered him to leave his house.

The defendant's counsel asked the Court to instruct the jury that upon this state of facts the defendant was not guilty. The Court refused to give the instruction asked, and told the jury that if they believed the evidence they would return a verdict of guilty. Motion for new trial for misdirection; motion refused. Appeal by defendant.

*Attorney General* and *W. J. Peele*, for State.
*Mr. Jas. E. Moore*, for defendant (appellant),

AVERY, J.: It seems to be well settled by the Courts, both in this country and in England, that where an officer "comes armed with process founded on a breach of the peace, he may, after demand of admittance for the purpose of making the arrest, and refusal of the occupant to open the doors of a house, lawfully break them in order to effect an entrance

and if he act in good faith in doing so, both he and his *posse comitatus* will be protected." 1 Russell on Cr., 9 Ed., page 840 ; 2 Hawks P. C. Bk., 2, Ch·., 14 sec., 3 ; 1 East's P. C., 324, ch. 5, sec. 88 ; *State* v. *Smith,* 1 N. H., 346 ; *Barnard* v. *Bartlett,* 10 Cush., 501 ; 1 Am. and Eng. Enc., p. 746 ; *State* v. *Shaw,* 1 Root., 134.

" The doctrine that a man's house is his castle, which cannot be invaded in the service of process, was always subject to the exception that the liberty or privilege of the house did not exist against the King." *Commissioners* v. *Reynolds,* 21·Am. Rep., 510. Hence the rules applicable where a forcible entry is effected in order to execute a capias issued in a civil action, do not apply in the case at bar. 1 Am. and Eng. Enc., 722. The officer did not justify the breaking on the ground that he had a search warrant, but a warrant for the arrest of a particular prisoner, and we are not called upon therefore to enter into a discussion of the constitutional safeguards that protect dwelling houses against undue search.

If the officer have valid process in his hands, he does not become a trespasser *ab initio* if he fail to find the accused in the house after breaking the door. *Hawkins* v. *Commissioners,* 61 Am. Dec., 147, (14 B. Mon., 318). The learned counsel called attention to the fact that the defendant notified the officer, before the breaking, that the person against whom the capias had been issued was not in his house, and insisted that, in the face of this notice, the officer did not have such reasonable ground for believing he would find the person for whom he was searching as would justify the use of force in effecting an entrance. There is a general presumption of law that the officer in the execution of process was not moved by malice or other improper motive, but acted in good faith with the intent and desire to discharge his duty to the State. Lawson on Presumptive Ev., 61. This presumption is not sufficiently rebutted by the mere proof of the declara-

tions of the defendant. It is possible that the officer had good reason to believe that the defendant bore such relation to the accused that he would be tempted to aid him in evading arrest by telling a falsehood. The right to break into houses in order to arrest criminals would be confined within very narrow limits, if their comrades could give them shelter in their houses and by simply telling a falsehood take from officers in pursuit of them the benefit of the presumption of law that ordinarily protects them.

If the officer had the authority to break into the house, it will of course be conceded that the defendant was guilty of an assault in drawing an axe upon him when he entered. It was not error to tell the jury that if they believed the evidence the defendant was guilty.          No Error.