**LOVE v. UNITED STATES.**

No. 5763.

United States Court of Appeals Fourth Circuit.

Oct. 9, 1948.

---

T. R. Bryan, of Wilkesboro, N. C., for appellant.

John D. McConnell, Asst. U. S. Atty. of Southern Pines, N. C. (Bryce R. Holt, U. S. Atty., of Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction and sentence under an indictment charging the operation of an illicit distillery in violation of the internal revenue laws. The question raised by the appeal relates to the refusal of the trial court to supress evidence. The facts are that federal officers entered the home of the appellant while searching for one Foster, for whom they held a warrant of arrest on a criminal charge. They had information that Foster was either at the home of his mother or at the home of appellant about 400 yards away. After searching for him at his mother's home and failing to find him there, they went to the home of appellant which they entered for the purpose of making search, after notifying appellant of their purpose and of the fact that they had a warrant for the arrest of Foster. Appellant denied that Foster was within his home but made no objection to the search. In the course of the search for Foster, the officers discovered a distillery in operation. It was the evidence of this discovery that appellant moved to suppress. The trial court found as a fact that the officers did not enter the house "for the purpose of searching for or finding the commission of a crime but entered in the bona fide belief that Ray Foster, a fugitive, was taking refuge in that house, and discovered the violation while making search for the whereabouts of Ray Foster".

The motion to suppress the evidence was properly denied. The officers were rightfully in the house (State v. Mooring, 115 N.C. 709, 20 S.E. 182) and the discovery of the unlawful still was incidental to lawful search for Foster. The rule applicable was stated by this Court in Paper v. United States, 4 Cir., 53 F.2d 184 as follows: "The purpose of the Fourth Amendment was to prevent the use of 'governmental force' to search a man's house, his person, his papers or his effects and to prevent their seizure against his will. Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, 66 A.L.R. 376. Most cases of search in violation of this constitutional provision involve the element of trespass, i. e. the entry without right upon the premises of the citizen. And all cases of unlawful search will be found to involve either this element or some element of fraud or subterfuge, as where an arrest is made a pretext for a search, or where the right to search having been obtained ostensibly for one purpose is used in reality for another. Henderson v. United States, 4 Cir. 12 F.2d 528, 51 A.L.R. 420; Thompson v. United States, 4 Cir. 22 F.2d 134. But where the entry and search are rightful and there is present no element of trespass or fraudulent invasion of the rights of the citizen, there is no reason for excluding evidence of crime discovered in the course of the search. * * *

34

"In this case the officers had the right to go upon the defendant's premises for the purpose of finding and arresting him. While lawfully there and searching for him in good faith for the purpose of making the arrest, and not as a pretext for searching the premises for evidence of crime, they discovered that a crime was being committed in their presence. This discovery did not render their search unreasonable or unlawful; and there is no reason in law or in common sense why their testimony as to the crime whose commission they discovered should be excluded. Courts should be careful to safeguard the constitutional rights of the citizen against unlawful infringement by over-zealous officers of the law; but, where officers are proceeding lawfully, there is no constitutional principle which forbids their testifying to a violation of law which they observe. The purpose of the Fourth Amendment is not to shield crime, but to protect the citizen against the improper use of governmental force. If there is no such improper use of force, the amendment has no application."

Affirmed.