## STATE v. FELIX HECKSTALL.

(Filed 28 September, 1966.)

**Searches and Seizures § 3—**

Efficacy of a valid search warrant is not affected by the fact that service of the warrant is made on the granddaughter of the owner of the premises who was the sole person there at the time, since the warrant gives the officers authority to search the described premises irrespective of anyone's consent, and the duty of the officers to disclose their authority to the owner or the person in charge before beginning the search is solely to show that they are not trespassing.

APPEAL by defendant from *Cohoon, J.,* February, 1966 Session, BERTIE Superior Court.

The defendant, Felix Heckstall, was arraigned, pleaded not guilty, was tried and convicted of the unlawful possession of "Two one-gallon glass jugs, containing two gallons of intoxicating nontaxpaid whisky."

The evidence disclosed that the officers, pursuant to a search warrant, went to the specifically described dwelling house and premises of the defendant and read the warrant to the granddaughter who was the only member of the household present. The officer failed to find any contraband in the house. "Then we went out in the back yard and there was a wash pot sitting 16 steps from the door, turned bottom upwards. . . . There was two gallons of whisky in a burlap bag sitting on the ground . . . These are the same two jugs we found." The State offered the search warrant, the jugs and contents in evidence. The defendant objected and moved to suppress the evidence on the ground the search warrant was defective and the attempted service on the granddaughter was improper; that there was no service on him. The court, over objection, admitted the evidence and overruled the defendant's motion for a directed verdict of not guilty. From a verdict of guilty and judgment thereon, the defendant appealed.

*T. W. Bruton, Attorney General, George A. Goodwyn, Assistant Attorney General for the State.*

*Jones, Jones & Jones; Pritchett, Cooke & Burch by Stephen R. Burch for defendant appellant.*

PER CURIAM. The search warrant was based on a proper affidavit of the officer who stated that he had information from three previously reliable sources that on that day Felix Heckstall had whisky in his house and had sold whisky to numerous persons on Friday and Saturday nights; that affiant has "personally seen crowds

accumulating, and numerous vehicles going to and from Felix Heckstall's house on Friday and Saturday nights."

The warrant gave the officers authority to search the described premises. Hence the right to make a reasonable search did not depend on anyone's consent. It was the duty of the officers to disclose their authority to the owner, or to the person in charge, before beginning the search in order that they might escape treatment as trespassers. The officers fulfilled the requirement when they read the warrant to the only member of the household present — the owner's granddaughter.

The evidence discovered as the result of the search was properly admitted. It was sufficient to warrant the verdict and the judgment. The defendant's assignments of error are not sustained.

No error.