STATE OF NORTH CAROLINA v. STEVEN DORUS RUDISILL

No. 7321SC766

(Filed 27 December 1973)

Searches and Seizures § 4— search under warrant — failure to knock and demand admittance

    Although officers failed to knock and demand admittance to defendant's apartment before entering it, their search of the apartment pursuant to a warrant was legal where they entered the apartment through an open door, an officer immediately notified the guest who had opened the door that they were "Police officers with a search warrant," and the officer repeated that announcement to the other occupants of the apartment as he came upon them.

APPEAL by defendant from Lanier, Judge, 11 June 1973 Criminal Session FORSYTH Superior Court.

In separate bills of indictment, proper in form, defendant was charged with the felonies of possession of the controlled substance marijuana with the intent to distribute and possession of the controlled substance cocaine. Defendant entered pleas of not guilty, was found guilty of possession of cocaine and possession of marijuana, a misdemeanor. From judgment imposing prison term of not less than three nor more than four years, defendant appeals.

*Attorney General Robert Morgan, by Assistant Attorneys General William B. Ray and William W. Melvin for the State.*

*Renn Drum (Drum and Liner of counsel) for defendant appellant.*

BRITT, Judge.

Defendant's sole assignment of error concerns the admission into evidence of the products of a search of an apartment at 130-A Park Circle, Winston-Salem, pursuant to a search warrant. Defendant contends the evidence should have been suppressed as a product of an illegal search in that the officers conducting the search failed to knock and announce their purpose before conducting the search. After *voir dire* to inquire into the legality of the search, the court found that the search warrant was valid and none of defendant's constitutional rights were violated. The evidence in support of this finding shows:

E. P. Oldham (Oldham), a member of the Forsyth County Sheriff's Department, obtained a search warrant in the evening of 11 December 1972 directing a search of 130-A Park Circle, Winston-Salem. At about 8:30 p.m., as Oldham and other officers approached the address, Louis Harley Lucas, III, (Lucas) was coming out of, or about to come out of, the door at the bottom of a flight of stairs leading directly to the apartment above. As Lucas opened the door, Oldham stepped in without knocking and said to Lucas, "Police officers with search warrant." Lucas was detained at the foot of the stairs and advised to remain quiet as Oldham went up the stairs to the apartment proper. At the top landing was an open door, through which he stepped, with pistol drawn, into a den area, announcing, "I'm a police officer with a search warrant." Immediately in front of him on a small table was a loose green vegetable material and rolling papers, which Oldham confiscated. In the room were defendant, who was placed under arrest pursuant to an arrest warrant that had been issued in another case, and three others. After securing those in the room, Oldham advised defendant that he had a search warrant, read the warrant to defendant, and conducted a further search of the premises.

G.S. 15-44 provides: "If a felony or other infamous crime has been committed, or a dangerous wound has been given and there is reasonable ground to believe that the guilty person is concealed in a house, it shall be lawful for any sheriff, coroner,

constable, or police officer, *admittance having been demanded and denied,* to break open the door and enter the house and arrest the person against whom there shall be ground of belief." [Emphasis added.] This appears to be the rule whether the process is a search or an arrest warrant. See *State v. Covington,* 273 N.C. 690, 161 S.E. 2d 140 (1968), citing *State v. Mooring,* 115 N.C. 709, 20 S.E. 182 (1894).

The first question presented here is whether the open door obviated the demand for admittance by first knocking. We think it did. This court in *State v. Shue,* 16 N.C. App. 696, 701, 193 S.E. 2d 481, 484 (1972) has said, "The requirement that a police officer, armed with an arrest warrant or search warrant must demand and be denied admittance before making forcible entry, serves to identify his official status and to protect both the officer and the occupant. *State v. Covington, supra.*" In this instance in which the door was opened and the officer stepped in immediately making announcement to the person opening the door, to require the officer to knock at the open door would require a vain act. The procedure used in this case fulfilled the functional requirements of the rule, i.e., it served to notify the occupants that the entry was of an official nature and not an invasion of protected privacy, and to protect the officer from being treated as a trespasser.

Was then the announcement by Oldham sufficient? We hold that it was. As was held by the United States Supreme Court in *Miller v. United States,* 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed. 2d 1332 (1958), in a case decided under federal law, the burden of making an express announcement is slight. It must fill the functional requirements as stated above and his announcement did.

Was the announcement to the guest, rather than the actual owner, a fulfillment of the rule? In *State v. Heckstall,* 268 N.C. 208, 209, 150 S.E. 2d 213, 215 (1966), we find: "It was the duty of the officers to disclose their authority to the owner, or to the person in charge, before beginning the search in order that they might escape treatment as trespassers." In this case the searching officer made the announcement to the person at the door and repeated it to the other occupants as soon as he came upon them. This fills the requirement that such notice be given as will identify the officer to protect the occupants and the officer.

We conclude that the finding of the trial court after *voir dire* was correct and the evidence admissible.

No error.

Judges PARKER and VAUGHN concur.