State v. Gagne

STATE OF NORTH CAROLINA v. JOSEPH P. GAGNE AND BARRY L. BARBER

No. 743SC420

(Filed 7 August 1974)

1. Narcotics § 4— constructive possession of drugs — sufficiency of evidence

In a prosecution for possession of marijuana with intent to distribute and possession of tablets of phencyclidine hydrochloride, evidence was sufficient to be submitted to the jury where it tended to show that police officers entered a mobile home shortly after they observed defendants go in, an officer saw one defendant crush a vial of blue tablets in the living room of the trailer, vegetable material was found on the kitchen table and in a kitchen cabinet drawer, tablets were found underneath a false bottom of a trash can, and defendants admitted that they lived in the trailer.

2. Searches and Seizures § 4— search under warrant — requirement that entry be demanded and denied

Where a deputy sheriff knocked on defendants' door and informed them that he was a law officer and that he had a search warrant to search the trailer, the requirements of G.S. 15-44 were met in that the procedure used notified defendants that the entry was of an official nature and not an invasion of privacy.

3. Criminal Law § 102— solicitor's jury argument — propriety

In a prosecution for felonious possession of marijuana and phencyclidine hydrochloride, the trial judge did not abuse its discretion in overruling defendants' objections to the solicitor's jury argument concerning the case of a young child who had used drugs.

4. Narcotics § 5— first offense as misdemeanor — judgment of guilty of felony

Recitals in the judgments sentencing defendants to one year as committed youthful offenders that defendants were found guilty of a felony as a result of possession of phencyclidine hydrochloride are erroneous, since a first offense of G.S. 90-95(d) is a misdemeanor, while a second offense is a felony, and there is nothing in the record to indicate that defendants have been convicted previously of a violation of G.S. 90-95(d).

APPEAL by defendants from *Cowper, Judge,* 29 October 1973 Session of Superior Court held in CARTERET County. Heard in the Court of Appeals on 18 June 1974.

This is a criminal action wherein the defendants, Joseph P. Gagne and Barry L. Barber, were each charged in bills of indictment, proper in form, with felonious possession of marijuana with intent to distribute and with felonious possession of 130 tablets of phencyclidine hydrochloride.

Both defendants entered pleas of not guilty, and the jury returned verdicts of "guilty of simple possession of marijuana and simple possession of phencyclidine hydrochloride" as to each defendant. The cases were consolidated for judgment and each defendant was sentenced to be committed as a youthful offender to serve a term not to exceed one year.

The defendants appealed.

*Attorney General Robert Morgan by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin for the State.*

*John H. Harmon for defendant appellants.*

HEDRICK, Judge.

[1]    Defendants first contend that the trial court committed error in denying their motions for judgment as of nonsuit.

"An accused's possession of narcotics may be actual or constructive. . . . Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972).

The evidence presented, when considered in the light most favorable to the State, is sufficient to show that on 10 May 1973 at approximately 2:10 a.m., Deputy Sheriff L. C. Swain of the Carteret County Sheriff's Department and several other law enforcement officials went to Bill's Trailer Court which is located near the town of Newport, N. C. Officer Swain had obtained a search warrant for the search of a mobile home located at this trailer court; however, upon finding the trailer unoccupied, Swain and the other law officers hid behind another trailer and awaited the return of the occupants. A few minutes later defendants arrived at the mobile home and went inside. Officer Swain then approached the front door of the trailer, knocked on the door, informed the occupants that he was a Deputy Sheriff, and that he had a search warrant to search the trailer. Immediately thereafter the deputy and the other officers entered the trailer.

As the officers entered the mobile home, defendant Gagne threw an item behind the stereo speakers and moments

later he attempted to stomp the item. Deputy Swain pushed the defendant aside and observed "a crushed plastic vial containing blue tablets and portions of blue tablets where they had been crushed."

Further search of the trailer yielded a tin foil packet of vegetable type material on the kitchen table and a quantity of loose green vegetable material in a kitchen cabinet drawer. The officers' investigation also revealed a trash can with the words "Do Not—(expletive deleted)—with Sam" written upon it. The officers observed a live copperhead snake in the trash can and after carefully transferring the snake into a paper bag, they discovered a false bottom in the trash can. Underneath the false bottom, they found three plastic vials containing 115 blue tablets.

Deputy Swain further testified, "I took each [defendant] separately into the rear bedroom away from everyone else and advised him of his constitutional rights. The only statement they said after I asked them did each one of them live there and they told me 'Yes' and which bedroom they lived in, but they did not make a statement so far as possession of the drugs. Yes, sir, they told me they lived there." Evidence was also introduced showing that each defendant possessed a key to the trailer.

Counsel stipulated that the laboratory report of the items seized could be introduced without objection. Results of the analysis showed the green vegetable material to be marijuana and the tablets to be phencyclidine hydrochloride.

This evidence, in our opinion is sufficient to raise an inference that the defendants were permanent residents of the mobile home, not transient visitors as asserted by defendants, and that they were in control of the premises and had knowledge of the controlled substances found therein. See, *State v. Balsom,* 17 N.C. App. 655, 195 S.E. 2d 125 (1973).

[2] Next, defendants argue that the trial court erroneously admitted into evidence the items found during the search of the mobile home. Defendants do not question the validity of the search warrant but rather contend that the rights of the defendants were violated by the manner of entry in that the officers conducting the search did not enter the premises after demanding and being denied admittance as required by G.S. 15-44.

G.S. 15-44 provides:

"If a felony or other infamous crime has been committed, or a dangerous wound has been given and there is reasonable ground to believe that the guilty person is concealed in a house, it shall be lawful for any sheriff, coroner, constable, or police officer, admittance having been demanded and denied, to break open the door and enter the house and arrest the person against whom there shall be ground of belief."

This appears to be the rule even though the officers have obtained a search warrant or warrant of arrest, *State v. Mooring,* 115 N.C. 709, 20 S.E. 182 (1894), and regardless of whether the process is an arrest or search warrant, *State v. Covington,* 273 N.C. 690, 161 S.E. 2d 140 (1968).

In *State v. Shue,* 16 N.C. App. 696, 193 S.E. 2d 481 (1972), it is stated, "[t]he requirement that a police officer, armed with an arrest warrant or search warrant must demand and be denied admittance before making forcible entry, serves to identify his official status and to protect both the officer and the occupant. *State v. Covington, supra.*"

In the instant case, Deputy Swain, prior to entering the trailer, identified himself as a law officer and informed the occupants of the trailer that he had a search warrant. This procedure satisfied the requirements of G.S. 15-44 in that "it served to notify the occupants that the entry was of an official nature and not an invasion of privacy, and to protect the officer[s] from being treated . . . as trespasser[s] . . . ." *State v. Rudisill,* 20 N.C. App. 313, 201 S.E. 2d 368 (1973). Thus, this assignment of error is overruled.

[3] Defendants also contend the trial court committed error in overruling their objections to an argument made to the jury by the solicitor. It is settled law in this jurisdiction that counsel is given wide latitude in the argument of the case to the jury and what constitutes an abuse of this privilege resides in the sound discretion of the trial judge. *State v. Spence,* 271 N.C. 23, 155 S.E. 2d 802 (1967). Defendants maintain that the Solicitor's remarks concerning the case of a young child who had used drugs were improper and tended only to inflame the prejudices of the jury. While we do not condone these statements, nevertheless, we do not believe the trial judge abused his discretion in his ruling on defendants' objection.

Defendants filed in this court on 30 May 1974 what purports to be a "motion in arrest of judgment". "A motion in arrest of judgment is one made after verdict and to prevent entry of judgment, and is based upon the insufficiency of the indictment or some other fatal defect appearing on the face of the record. . . . " 3 Strong, N. C. Index 2d, Criminal Law, § 127, pp. 42-43.

[4] A careful review of the record proper discloses that the bills of indictment are proper in form and support the verdicts which in turn support the judgments sentencing the defendants to one year as committed youthful offenders. However, we note that the judgments contain the following recital: "Having been found guilty of the offense of possession of any quantity of phencyclidine hydrochloride and simple possession of marijuana which is a violation of and of the grade of felony and misdemeanor." Any person found guilty of simple possession of phencyclidine hydrochloride (a Schedule III controlled substance) shall, for the first offense, be guilty of a misdemeanor; while a person convicted of a second violation shall be guilty of a felony, G.S. 90-95(d). There is nothing in this record to indicate that the defendants have been convicted previously of a violation of G.S. 90-95(d). Therefore, the recital in the judgments that the defendants were found guilty of a felony as a result of possession of phencyclidine hydrochloride is erroneous, and the judgments are modified by striking the word *felony* as it relates to the conviction of the defendants for simple possession of phencyclidine hydrochloride.

In the defendants trial, we find no prejudicial error.

No error.

Judges PARKER and VAUGHN concur.