GAIL LEE, PLAINTIFF-APPELLEE/CROSS-APPELLANT v. S. D. GREENE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE NORTH CAROLINA HIGHWAY PATROL; AND BRAD MYERS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE NORTH CAROLINA HIGHWAY PATROL, DEFENDANTS-APPELLANTS/ CROSS-APPELLEES

No. 9311SC533

(Filed 3 May 1994)

1. **Sheriffs, Police, and Other Law Enforcement Officers § 23 (NCI4th)— excessive force claim against highway patrol officers in official capacity—monetary damages sought—no existence of claim**

When the remedy sought is monetary damages, there can be no 42 U.S.C. § 1983 claim against state officials and agents

LEE v. GREENE

[114 N.C. App. 580 (1994)]

in their official capacities; therefore, in this case where plaintiff sought only monetary damages against two highway patrol officers, the trial court erred in not granting summary judgment for defendants on the § 1983 excessive force claim against them in their official capacities.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

**When does police officer's use of force during arrest become so excessive as to constitute violation of constitutional rights, imposing liability under Federal Civil Rights Act of 1871 (42 USCS sec. 1983). 40 ALR Fed. 204**

2. **Sheriffs, Police, and Other Law Enforcement Officers § 23 (NCI4th) — defense of qualified immunity — showing required**
   Ruling on a defense of qualified immunity requires (1) identification of the specific right allegedly violated, (2) determining whether at the time of the alleged violation the right was clearly established, and (3) if so, then determining whether a reasonable person in the officer's position would have known that his actions violated that right.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

3. **Sheriffs, Police, and Other Law Enforcement Officers § 23 (NCI4th) — excessive force by highway patrol officers — individual capacity — summary judgment improper**
   The trial court properly denied summary judgment as to plaintiff's 42 U.S.C. § 1983 excessive force claim against defendant highway patrol officers in their individual capacities, based on defendants' claim of qualified immunity, since the facts were clearly in dispute concerning defendants' conduct and the circumstances surrounding plaintiff's arrest; the specific right allegedly violated was clearly identified as plaintiff's Fourth Amendment right to be free from unreasonable seizure; as alleged by plaintiff, the right was violated by defendants' pursuing her into her kitchen, seizing her bodily, and hitting and pushing her; the governmental interest in apprehending plaintiff for obstructing and delaying the arrest of her husband was minor, and the Fourth Amendment intrusion was severe; and defendants' actions, when viewed in this light, violated plaintiff's Fourth Amendment right.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

LEE v. GREENE

[114 N.C. App. 580 (1994)]

**When does police officer's use of force during arrest become so excessive as to constitute violation of constitutional rights, imposing liability under Federal Civil Rights Act of 1871 (42 USCS sec. 1983). 40 ALR Fed. 204**

4. **Sheriffs, Police, and Other Law Enforcement Officers § 23 (NCI4th)— allegation of unlawful entry by highway patrol officers—entry authorized by statute—summary judgment proper**

Summary judgment for defendant highway patrol officers on plaintiff's 42 U.S.C. § 1983 claim of unlawful entry was proper, since the right allegedly violated was not a clearly established right, as the evidence revealed that defendants were discussing whether to arrest plaintiff for obstructing and delaying the arrest of her husband when plaintiff began moving toward her house; defendants ran after plaintiff; as plaintiff entered her house and was closing the door, defendants' grabbed the door and entered the house; defendants' actions were not prohibited by the Fourth Amendment but were in fact authorized by N.C.G.S. § 15-401(e); and compliance with the knock and announce requirement was not necessary.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

5. **Sheriffs, Police, and Other Law Enforcement Officers § 19 (NCI4th)— officers' entry into plaintiff's home lawful—summary judgment on trespass claim proper**

Summary judgment was properly entered for defendant highway patrol officers individually and in their official capacities on plaintiff's trespass claim where defendants were authorized by N.C.G.S. § 15A-401(e) to enter plaintiff's residence to arrest her for delaying and obstructing the arrest of her husband.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

Appeal by defendants and cross-appeal by plaintiff from order entered 25 March 1993 by Judge F. Gordon Battle in Lee County Superior Court. Heard in the Court of Appeals 3 March 1994.

*Patterson, Harkavy & Lawrence, by Melinda Lawrence and Maxine Eichner, for plaintiff.*

*Michael F. Easley, Attorney General, by Linda M. Fox, Assistant Attorney General, and Robert T. Hargett, Associate Attorney General, for defendants.*

LEWIS, Judge.

Plaintiff commenced this action against defendants individually, and in their official capacities as North Carolina Highway Patrol officers, to recover for injuries sustained as a result of an altercation between plaintiff and defendants. Plaintiff's complaint alleged, *inter alia*, causes of action for excessive force and unlawful entry in violation of 42 U.S.C. § 1983 and for trespass. Defendants asserted the defense of qualified immunity and moved for summary judgment on these three claims only. The trial court denied defendants' motion for summary judgment on the excessive force claim, but granted the motion as to the unlawful entry and trespass claims. From the denial of summary judgment on the excessive force claim, defendants appeal. From the granting of summary judgment on the unlawful entry and trespass claims, plaintiff cross-appeals.

The events giving rise to this appeal occurred on 20 April 1991. At approximately 11:00 p.m. that night, plaintiff, her husband, Robert Lee (hereinafter "Lee"), who was driving, and her fifteen-year-old son were returning home after a visit to plaintiff's mother's house. As they neared plaintiff's house, defendant Greene, a North Carolina Highway Patrol officer, observed Lee driving in an erratic manner and signaled to stop the car. Lee pulled into his own driveway and stopped the car. Greene followed, approached them and repeatedly requested Lee to produce his driver's license, but Lee refused. Greene testified that during this time, plaintiff was yelling at him and using profane language, which plaintiff denies. Greene then arrested Lee and placed him in the patrol car. While Lee was seated in the patrol car, plaintiff stood in front of the open car door and, according to Greene, refused to move. Plaintiff denies being asked to move. Greene testified that he then placed plaintiff under arrest for obstructing and delaying the arrest of Lee, and he radioed for assistance. Plaintiff testified that the only mention she heard about her arrest came when defendant Myers, responding to Greene's call, arrived and Greene told Myers that he had placed Lee under arrest and was considering placing plaintiff under arrest.

By the time Trooper Myers arrived, plaintiff's mother and her mother's boyfriend had arrived on the scene. Plaintiff testified that after Trooper Myers arrived, she walked back to her house to avoid further trouble. Defendants testified that plaintiff ran toward the house, and they pursued her. As plaintiff reached the top outside step leading into her kitchen, defendants caught up to her. The parties disagree sharply as to what happened next.

Defendants testified that when they reached the kitchen and confronted plaintiff, plaintiff was swinging her arms wildly. Each defendant grabbed one arm of plaintiff and subdued her. Plaintiff then went down on her knees and fell on the floor. Defendants noticed a small amount of blood under her right eye. Greene testified that at no time did he intentionally strike plaintiff. Myers testified that he never struck plaintiff.

Plaintiff's testimony, corroborated by the testimony of her son, her mother, and her mother's boyfriend, who were all in the kitchen when the struggle occurred, was markedly different from that of defendants. Plaintiff testified that as she entered the kitchen and was closing the door, defendants flung the door open, grabbed plaintiff, and pushed her onto the sink as plaintiff was attempting to tell defendants that she had done nothing wrong. Plaintiff's mother then informed defendants that plaintiff had back problems. As plaintiff tried to get off of the sink, Greene hit plaintiff in the mouth. Plaintiff's son testified that Greene pulled his fist back even with his shoulder before striking plaintiff. Plaintiff and her witnesses testified that after the blow to the mouth, defendant Myers hit her in the head with his flashlight and then pressed the flashlight into her temple. As a result of the blows, plaintiff lost consciousness and was taken to the hospital.

## I. Defendants' Appeal

Defendants contend that the trial court erred in not granting summary judgment for them on plaintiff's section 1983 excessive force claim, based on their defense of qualified immunity. We note that while the denial of a motion for summary judgment is not normally immediately appealable, when the motion for summary judgment is based on a qualified immunity defense to a section 1983 claim, the denial of the motion is immediately appealable. *Corum v. University of North Carolina*, 330 N.C. 761, 767, 413 S.E.2d 276, 280, *cert. denied*, 113 S.Ct. 493, 121 L. Ed. 2d 431 (1992).

[1] Turning to the merits of the case, we first address the excessive force claim against defendants in their official capacities. When the remedy sought is monetary damages, there can be no section 1983 claim against state officials and agents in their official capacities. *Lenzer v. Flaherty*, 106 N.C. App. 496, 513, 418 S.E.2d 276, 287, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 348 (1992). There can be no claim because in their official capacities, they are not "persons" covered by section 1983. *Id.* In the present case,

because plaintiff seeks only monetary damages, the trial court erred in not granting summary judgment for defendants on the excessive force claim against them in their official capacities. Accordingly, we reverse the order of the trial court as to defendants in their official capacities and remand for entry of summary judgment.

[2, 3] However, as to the excessive force claim against defendants in their individual capacities, the trial court properly denied summary judgment, based on defendants' claim of qualified immunity. The test of qualified immunity for police officers sued under 42 U.S.C. § 1983 is whether in performing discretionary functions, they have engaged in conduct that violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 410 (1982); *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992). Therefore, ruling on a defense of qualified immunity requires (1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the officer's position would have known that his actions violated that right. *Pritchett*, 973 F.2d at 312. While the first two requirements involve purely matters of law, the third may require factual determinations respecting disputed aspects of the officer's conduct. *Id.* Thus, "[i]f there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate, and the issue must be reserved for trial." *Id.* at 313.

In the present case, the facts are clearly in dispute concerning defendants' conduct and the circumstances surrounding plaintiff's arrest. Accordingly, the trial court properly denied summary judgment. Defendants argue, however, that the right allegedly violated was not "clearly established," and therefore the trial court should have resolved the issue of qualified immunity as a matter of law, without having to address the third requirement. We disagree, and hold that the right allegedly violated was clearly established.

In determining whether a particular right was clearly established, the focus of the inquiry should be on the application of the right to the specific conduct being challenged. *Id.* at 312. Plaintiff's complaint alleges that the right violated was her Fourth Amendment right to be free from unreasonable seizure. As alleged here, the right was violated by defendants' pursuing her into her kitchen,

seizing her bodily, and hitting and pushing her. As established by the Supreme Court, the test for determining whether this right has been violated requires a balancing of the nature and quality of the intrusion of the Fourth Amendment interest against the governmental interest alleged to justify the intrusion. *Graham v. Connor*, 490 U.S. 386, 396, 104 L. Ed. 2d 443, 455 (1989). In balancing the interests, careful attention must be paid to the facts and circumstances of the case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.*

On the facts of the present case, taken in the light most favorable to plaintiff, the governmental interest in apprehending plaintiff for obstructing and delaying the arrest of her husband was minor, and the Fourth Amendment intrusion was severe; defendants' actions, when viewed in this light, violated plaintiff's Fourth Amendment right. Accordingly, the right violated was "clearly established," and defendants' argument to the contrary is without merit. For the foregoing reasons, we affirm the denial of defendants' motion for summary judgment as to plaintiff's claim of excessive force against defendants in their individual capacities.

## II. Plaintiff's Appeal

Plaintiff contends that the trial court erred in granting summary judgment in favor of defendants on the claims of unlawful entry and trespass. We first address the claim of unlawful entry.

For the reasons stated in section I, summary judgment was properly granted for defendants on the section 1983 unlawful entry claim against them in their official capacities. We also conclude that summary judgment for defendants was proper on the claim of unlawful entry against them individually.

[4] The threshold question regarding a defense of qualified immunity is whether defendants have violated a "clearly established" right. *Pritchett*, 973 F.2d at 313. The right alleged to be violated in the present case is plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures. If the right, as viewed in the context of its application to the specific conduct being challenged, is not a "clearly established" right, summary judgment must be granted in favor of defendants. *Id.* Thus, the circumstances surrounding the challenged conduct must be examined.

The evidence, when viewed in the light most favorable to plaintiff, reveals that defendants were discussing whether to arrest plaintiff for obstructing and delaying the arrest of her husband, when plaintiff began moving toward her house. Defendants then ran after plaintiff. As plaintiff entered her house and was closing the door, defendants grabbed the door and entered the house. We believe that in this context, the right allegedly violated was not clearly established.

Plaintiff has not cited, nor has our research disclosed, any binding authority for the proposition that defendants' actions were prohibited by the Fourth Amendment. Furthermore, such conduct is in fact authorized by North Carolina law. N.C.G.S. § 15A-401(e) (1988) provides that an officer may enter a home to make an arrest when:

a. The officer has in his possession a warrant or order for the arrest of a person or is authorized to arrest a person without a warrant or order having been issued,

b. The officer has reasonable cause to believe the person to be arrested is present, and

c. The officer has given, or made reasonable effort to give, notice of his authority and purpose to an occupant thereof, unless there is reasonable cause to believe that the giving of such notice would present a clear danger to human life.

An officer is authorized to arrest a person without a warrant if the officer has probable cause to believe that person has committed a criminal offense in the officer's presence. § 15A-401(b)(1).

We conclude that the requirements of section 15A-401(e) have been satisfied in the present case. First, defendants were authorized to arrest plaintiff for delaying and obstructing the arrest of her husband, because defendants had probable cause to believe that plaintiff had committed that offense in their presence. Second, defendants had reasonable cause to believe that plaintiff was present in the house. Finally, we hold that under the circumstances, defendants were not required to give notice of their authority and purpose. The knock and announce requirement has as its purpose to identify the official status of the officers and to protect both the officers and the occupant. *State v. Gagne*, 22 N.C. App. 615, 618, 207 S.E.2d 384, 387, *cert. denied*, 285 N.C. 761, 209 S.E.2d 285 (1974). In the present case, plaintiff was well aware of defend-

ants' identities and their reason for being at her house; defendants were uniformed Highway Patrolmen who had arrived on the scene in patrol cars and who had been involved in an altercation with plaintiff minutes before the alleged unlawful entry. Moreover, defendants were about to apprehend plaintiff as she entered the kitchen and attempted to close the door. In such a case, compliance with the knock and announce requirement was not required. *See State v. Rudisill*, 20 N.C. App. 313, 201 S.E.2d 368 (1973) (holding that an open door obviated the demand for admittance by first knocking). Having complied with the requirements of section 15A-401(e), defendants were authorized to enter plaintiff's home to make the arrest.

For the foregoing reasons, we conclude that the right allegedly violated was not a clearly established right. Therefore, summary judgment for defendants on the claim of unlawful entry was proper.

[5] We next address the trial court's granting of summary judgment for defendants on plaintiff's trespass claim. The elements of trespass to real property are: (1) possession of the property by the plaintiff when the alleged trespass was committed; (2) an unauthorized entry by the defendant; and (3) damage to the plaintiff from the trespass. *Kuykendall v. Turner*, 61 N.C. App. 638, 642, 301 S.E.2d 715, 718 (1983). Summary judgment for the defendant is proper where the defendant shows that an essential element of the plaintiff's claim is nonexistent. *Messick v. Catawba County*, 110 N.C. App. 707, 712, 431 S.E.2d 489, 492-93, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). In the present case, defendants' entry into plaintiff's residence was authorized under section 15A-401(e). Thus, the second element of plaintiff's claim is nonexistent, and summary judgment for defendants individually and in their official capacities was proper.

For the reasons stated, we affirm the order of the trial court insofar as it denied defendants' motion for summary judgment on the excessive force claim against them individually, and granted defendants' motion for summary judgment on the unlawful entry and trespass claims against them individually and in their official capacities. However, we reverse the denial of summary judgment on the excessive force claim against defendants in their official capacities, and we remand for entry of summary judgment in favor of defendants.

Affirmed in part; reversed in part and remanded.

Chief Judge ARNOLD and Judge COZORT concur.