A. M. HADLEY v. T. D. TINNIN.

(Filed 17 November, 1915.)

**1. Slander—False Pretense—Evidence—Trials—Questions for Jury.**

Where there is evidence in an action for slander, that the defendant told a witness that the plaintiff had obtained the defendant's property by false pretense, on an occasion not claimed to be privileged, and justification is not pleaded, the crime of false pretense being punishable by imprisonment in the penitentiary, is a charge of an infamous offense, which is actionable *per se,* and affords evidence sufficient to sustain the action.

**2. Same—Witness—Conflicting Testimony.**

An action will not be dismissed upon failure of evidence to sustain it, when it depends upon the testimony of a ceratin witness and is sufficient on direct examination, though the witness weakened his evidence on defendant's cross-examination, for it is for the jury to determine the truth of the matter under conflicting evidence of this character.

**3. Same—Express Malice—Evidence.**

Fvidence in an action for slander is sufficient to show express malice when it tends to show that the defendant had consulted with a justice of the peace before swearing out the warrant against the plaintiff, and

was advised that the criminal charge would not hold; that they agreed that the plaintiff was not financially responsible, and at the request of the defendant the magistrate withheld issuing the warrant to see if the plaintiff would return defendant's horse the latter alleged was taken from him by false pretense; that when this was not done and the warrant finally issued, the defendant said he would get even with the plaintiff if it cost him $1,000.

**4. Malicious Prosecution—Termination of Criminal Action—Evidence.**

Where the prosecutor, under an indictment charging that the defendant obtained his horse by false pretense, withdraws the warrant from the justice of the peace before the time set for the trial, but after it had been returned and served, and burns it, it is sufficient evidence that the prosecution had been terminated, in an action for slander brought by the defendant against the prosecutor.

**5. Malicious Prosecution—Arrest—Evidence—Trials.**

Where in an action for malicious prosecution there is evidence tending to show that a warrant for plaintiff's arrest had been sworn out by the defendant, the prosecutor in the criminal action; that the officer serving the warrant read it to the plaintiff and told him he could see the justice of the peace issuing the warrant, about arranging the bond, which was not required under an agreement that plaintiff would attend the trial, which was not had because the defendant theretofore terminated the prosecution: *Held*, some evidence of the fact of plaintiff's arrest, and involved the questions whether that was the intention of the officer serving the warrant or whether the plaintiff understood he was under compulsion to attend the trial.

APPEAL by plaintiff from *Cooke, J.,* at the May Term, 1915, of ALAMANCE.

Action to recover damages, the plaintiff alleging a cause of action in slander in that the defendant charged him with the crime of false pretense, and another cause of action for malicious prosecution in procuring and prosecuting a criminal warrant, charging the defendant with false pretense.

At the conclusion of the evidence his Honor entered judgment of nonsuit upon the ground that there was no evidence to support the action, and the plaintiff excepted and appealed.

*J. S. Cook for plaintiff.*
*E. S. Parker, Jr., and J. Dolph Long for defendant.*

ALLEN, J. We do not understand why his Honor concluded that there was no evidence to support the cause of action for slander, as a witness for the plaintiff, J. C. McAdams, testified that the defendant said to him: "He (Hadley) had got his mare by false pretense" on an occasion which is not claimed to be privileged, and the defendant has not pleaded justification.

The crime of false pretense is punishable by imprisonment in the penitentiary, and to charge one with an infamous offense is actionable

*per se* (*McKee v. Wilson,* 87 N. C., 300), and "In libel and slander, if the words are actionable *per se,* the law presumes malice, and the burden is on the defendant to show that the charge is true unless the communication is privileged." *Ramsey v. Cheek,* 109 N. C., 273.

It is true that the witness McAdams weakened the force of his evidence upon the cross-examination, but as was said in *Poe v. Telegraph Co.,* 160 N. C., 315, "We are not at liberty to rest our opinion upon contradiction in the evidence, as the law commits to the jury the duty of determining the weight that shall be given to the evidence."

There is also evidence of express malice, as the justice of the peace to whom the defendant applied for a warrant testified that, after the defendant had told him the facts upon which he relied, he advised him against taking out the warrant and told him he did not think the criminal charge would hold; that they talked about the financial condition of the plaintiff and agreed that he was not financially responsible; that the defendant told him not to have the warrant served until the Monday following; that he wished to wait and see if the plaintiff would return him the horse; that when the defendant was informed on Monday morning that the plaintiff would not return the horse he said he would get even with the plaintiff at the courthouse if it cost him $1,000; that he then caused the warrant to be served and afterwards withdrew it without further prosecution.

We are also of opinion that there is evidence to sustain the charge of malicious prosecution. There is evidence that the defendant caused the warrant to be issued charging the plaintiff with the crime of false pretense and that the criminal charge was terminated prior to the institution of this action, as a prosecution may be terminated by the order of the justice's court or by some unequivocal act of the prosecutor (*Brinkley v. Knight,* 163 N. C., 196), and there is some evidence fit to be considered by the jury that the plaintiff was arrested. The defendant, according to the evidence, went to the justice of the peace after the warrant had been returned as served and told him that he wished to withdraw it, and the warrant was then delivered to him and he burned it. This is, we think, evidence of the termination of the prosecution.

The officer who was entrusted with the duty of serving the warrant testified in substance that he read the warrant to the plaintiff and told him he could see the justice and arrange the bond if any was to be given, and that the plaintiff said he would do so; that the justice was passing by and he called to him; that the justice said he would not require a bond if the plaintiff would agree to attend the trial, which he did. There is also evidence that the plaintiff did not attend the trial because he was informed that the warrant was withdrawn, and the plaintiff himself testifies that he was arrested by the officer.

If, upon this evidence, it was the intention of the officer to arrest, and the plaintiff understood that he was under compulsion to attend the trial, it would furnish some evidence of an arrest.

The Court says, in *Lawrence v. Buxton,* 102 N. C., 131: "The term 'arrest' has a technical meaning, applicable in legal proceedings. It implies that a person is thereby restrained of his liberty by some officer or agent of the law, armed with lawful process, authorizing and requiring the arrest to be made. It is intended to serve, and does serve, the end of bringing the person arrested personally within the custody and control of the law, for the purpose specified in, or contemplated by, the process, through and by the officer or agent charged with its execution. The certain and most unequivocal method of making an arrest is by the actual seizure of the person to be arrested; but this is not essential; it is sufficient if such person be within the control of the officer, with power of actual seizure, if necessary. The officer need not touch the person of such party to make the arrest effectual, but he must have and intend to have control of the party's·person. This seems to be necessary to constitute a valid arrest. If the officer has process, and intends presently to execute it, and the person against whom it is directed recognizes it and submits to the control of the officer, this would be sufficient arrest, because thus the officer would get the custody and control of the person of the party. But if there is no actual seizure of the person the officer must intend to make the arrest and have present power to control the party arrested. Thus, if the officer go into a room and tell the person therein to be arrested that he arrests him, and locks the door, this has been held to be an arrest. If, however, the officer has present power, and intends to make the arrest, and the party to be arrested submits to his arrest—consents to be subject to the officer—this is sufficient."

It is not necessary to consider the other questions raised, as the plaintiff can present all of his evidence and his contentions under the two causes of action which we have discussed.

Reversed.