STATE OF NORTH CAROLINA v. WILLIE JAMES LEAK

No. 7118SC258

(Filed 26 May 1971)

1. Arrest and Bail § 6— resisting arrest — sufficiency of evidence

Evidence that defendant had been taken into custody under a warrant and carried before a magistrate and that defendant began struggling with police officers while he was being carried from the magistrate's office to the jail, *held* sufficient to support a jury finding of defendant's guilt of resisting arrest.

**2. Arrest and Bail § 6— when an arrest terminates**

An arrest does not necessarily terminate the instant a person is taken into custody; arrest also includes bringing the person personally within the custody and control of the law.

**3. Assault and Battery § 15— instructions on apparent necessity**

Defendant in an assault case was not prejudiced by the trial court's failure to charge on apparent necessity in one part of its instructions on self-defense, where the court immediately thereafter gave an instruction on apparent necessity.

**4. Criminal Law § 168— review on appeal — construction of the charge**

The charge must be construed contextually.

APPEAL by defendant from *Crissman, Judge,* at the 17 November 1970 Session of GUILFORD Superior Court.

Three warrants were issued against defendant in the district court charging him as follows: (1) resisting arrest by Police Officer B. F. Collins, in violation of G.S. 14-223; (2) assault on public Officer Palmer, in violation of G.S. 14-33 (b) (6); and (3) assault on Police Officer Collins in violation of G.S. 14-33 (b) (6). From convictions in district court, defendant appealed to superior court where he was tried *de novo.* A jury found him guilty in all three cases, and from judgment imposing prison sentences, he appealed.

*Attorney General Robert Morgan by William Lewis Sauls, Staff Attorney, for the State.*

*Robert D. Douglas III for defendant appellant.*

BRITT, Judge.

[1]  In his first assignment of error, defendant contends that the trial court erred in denying his motion for nonsuit interposed in the resisting arrest case.

Pertinent evidence, viewed in the light most favorable to the state, tended to show: Defendant's grandfather with whom he lived caused a warrant to be issued against defendant charging him with malicious injury to real property. Officer Collins had possession of the warrant for purpose of arresting the defendant. While patrolling on a High Point street, Officer Collins saw defendant and drove his patrol car close to defendant. Mr. Collins advised defendant that he had a warrant for his arrest and asked defendant to go with him to the police station.

After some complaining, defendant entered the patrol car and accompanied Officer Collins to a magistrate's office at the police station where defendant was booked and advised that his bond was $100. Defendant tried to get the magistrate to waive the bond but the magistrate refused to do so. Officer Collins and another officer then started escorting the defendant to the jail and defendant asked that he be allowed to make a telephone call. Officer Collins told him that there was a telephone in the jail and that defendant would be allowed to make a telephone call in the jail. Defendant observed a telephone in an assembly room near the magistrate's office and insisted on using that telephone. Officer Collins told him that he could not use that telephone; defendant then struck Officer Collins in the face with his fist and proceeded to fight Officer Collins and the other officer. They finally subdued defendant, carried him to the jail and delivered him to Officer Palmer, the assistant jailer. A short while thereafter, defendant committed the charged assault on Officer Palmer.

Defendant contends that at the time he was in the magistrate's office his arrest had been consummated, that the acts alleged to have occurred between the magistrate's office and the jail were not in connection with his arrest, therefore, he was not guilty of resisting arrest. We do not agree with this contention.

In *Hadley v. Tinnin,* 170 N.C. 84, 86 S.E. 1017 (1915), our Supreme Court defined "arrest" as follows:

"The term 'arrest' has a technical meaning, applicable in legal proceedings. It implies that a person is thereby restrained of his liberty by some officer or agent of the law, armed with lawful process, authorizing and requiring the arrest to be made. It is intended to serve and does serve, the end of bringing the person arrested personally within the custody and control of the law, for the purpose specified in, or contemplated by the process."

In 6 C.J.S., Arrest, § 1, we find the following:

"In criminal procedure an arrest consists in the taking into custody of another person under real or assumed authority for the purpose of holding or detaining him to answer a criminal charge or of preventing the commission of a criminal offense."

**[2]** We hold that an "arrest" does not necessarily terminate the instant a person is taken into custody; arrest also includes "bringing the person personally within the custody and control of the law." The arrest of defendant in the instant case did not terminate until he was delivered to the jailer and properly confined. The assignment of error is overruled.

**[3]** Defendant next assigns as error the trial court's instructions to the jury relative to defendant's plea of self-defense on the assault charges. By his testimony defendant presented evidence tending to show that he did not commit assaults upon Officers Collins and Palmer but that these officers committed unprovoked assaults upon him; that his testimony raised the doctrine of self-defense. He contends that the trial court failed to charge that a person may act in self-defense when necessary or *apparently* necessary to protect himself from death or bodily harm.

**[4]** It is well settled that the appellate courts must consider a trial judge's charge contextually and that an excerpt from the charge will not be held prejudicial even though erroneous if the charge considered as a whole is correct. 1 Strong, N. C. Index 2d, Appeal and Error, § 50. It is true that the portion of the charge complained of did not include *apparent* necessity; however, immediately thereafter the trial court charged: "The force cannot be excessive. This means that the defendant had the right to use only such force as REASONABLY APPEARED TO HIM TO BE NECESSARY UNDER THE CIRCUMSTANCES to protect himself from bodily injury or offensive physical contact." (Emphasis added.)

We hold that the defendant was not prejudiced by the portion of the charge complained of, therefore, the assignment of error pertaining thereto is overruled.

Finally, defendant assigns as error the failure of the court to adequately define "resisting arrest." Defendant's argument under this assignment is similar to his argument under his first assignment of error. We do not agree but hold that the court's instructions to the jury, considered contextually, were free from prejudicial error and the assignment of error is overruled.

Defendant received a fair trial, free from prejudicial error, and the sentences imposed were within the limits prescribed by statute.

No error.

Judges CAMPBELL and GRAHAM concur.