23508

The STATE, Respondent v. Ronald W. DOWD, Appellant.

(411 S.E. (2d) 428)

Supreme Court

*Edward M. Sauvain,* Greenville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., E. Jean Howard,* and *Amie L. Clifford,* Columbia, and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Oct. 7, 1991;

Decided Nov. 12, 1991.

CHANDLER, Justice:

Ronald W. Dowd (Dowd) appeals his conviction of resisting arrest. We affirm.

## FACTS

Dowd was charged with driving under the influence after police officers were called to the scene of an automobile acci-

dent. He was transported to the City Jail, booked and given a breathalyzer test which registered a blood alcohol content of .17 percent.

In the course of being placed in a cell by the arresting officer, Dowd stuck his arm and leg in the doorway, preventing the door from closing. Two officers then assisted in forcing Dowd back into the cell. In the struggle Dowd's arm was broken and he was taken to the hospital.

At trial, Dowd claimed that his arrest was final and complete when he submitted to the arresting officer at the scene of the accident, so that any unlawful resistance thereafter could not constitute the crime of resisting arrest.[1]

## ISSUE

Was Dowd entitled to a new trial on the basis that there was no evidence of resisting arrest?

## DISCUSSION

The question of when an arrest is completed is a novel issue in this State. However, it has been directly addressed by our sister state, North Carolina, in *State v. Leak,* 11 N.C. App. 344, 181 S.E. (2d) 224 (1971).

In *Leak* the defendant was found guilty of resisting arrest for striking a police officer as he was escorted from the magistrate's office to the jail. The court, in affirming the conviction, held:

> An arrest does not necessarily terminate the instant a person is taken into custody; arrest also includes 'bringing the person personally within the custody and control of the law.' The arrest of the defendant in the instant case did not terminate until he was delivered to the jailer and properly confined.

*Leak,* 181 S.E. (2d) at 226 [quoting *Hadley v. Tinnin,* 170 N.C. 84, 86 S.E. 1017 (1915)]. *See also State v. Mallett,* 542 S.W. (2d) 584, 587 (Mo. Ct. App. 1976) ("An arrest by a peace officer . . . continues so long as the arresting officer has the custody

---

[1] S.C. Code Ann. § 16-9-320 (Supp. 1990).

and control of the arrestee's movements for the purpose of delivering the person arrested into incarceration . . ."); *Pope v. State*, 528 S.W. (2d) 54, 58 (Tenn. Crim. App. 1975) ("An arrest is a continuing process from the time one is apprehended until he is placed in jail").

We agree with the reasoning in both *Leak* and those jurisdictions which hold that an arrest is an ongoing process, finalized only when the defendant is properly confined. Here, since Dowd was never locked in his cell, the attempt to leave constituted evidence of resisting arrest. The trial judge correctly denied Dowd's motion for a new trial.

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.