PER CURIAM:
Alicia Jeanette Haase, was convicted of driving under the influence (DUI) in municipal court in Greenwood County. On appeal, the circuit court reversed her conviction, holding the state had failed to comply with S.C.Code Ann. § 56-5-2934 (Supp.2004) at the time of her arrest. We reverse and reinstate the conviction.[1]
FACTS
Haase's vehicle was observed speeding and jumping a curb at 3:00 a.m. on September 28, 2001, in Greenwood. Nearby police heard her car jump the curb and proceeded to the parking lot where Haase's vehicle had stopped. Haase smelled of alcohol, had slurred speech, and was unsteady on her feet. After failing several sobriety tests, she was arrested for DUI and taken to the detention center for a Data Master test. Haase was read her Miranda[2] rights and given Implied Consent warnings,[3] but refused the Data Master test.
Haase was tried in municipal court in January 2004. She moved to exclude evidence of her refusal to take the Data Master test, claiming the arresting officer failed to comply with S.C.Code Ann. § 56-5-2934. The motion was denied, and the jury convicted Haase of DUI. Haase appealed, and the circuit court ruled the state's failure to comply with S.C.Code Ann. § 56-5-2934 required exclusion of all evidence against Haase which *635 arose after her arrest, thereby requiring reversal of her conviction.[4]
ISSUE
Did the circuit court err in reversing Haase's conviction due to the failure to follow the procedures mandated by S.C.Code Ann. § 56-5-2934?
DISCUSSION
S.C.Code Ann. § 56-5-2934, which became effective March 1, 2002, is entitled "Right to Compulsory Process," and provides for the right to compulsory process for obtaining witnesses and documents. In addition, § 56-5-2934 provides, in pertinent part:
In addition, at the time of arrest for a violation of Section 56-5-2930, 56-5-2933, or 56-5-2945, the arresting officer, in addition to other notice requirements, must inform the defendant of his right to all hearings provided by law to include those if a breath test is refused or taken with a result that would require license suspension. The arresting officer, if the defendant wishes to avail himself of any such hearings, depending on the choices made or the breath test results obtained, must provide the defendant with the appropriate form to request the hearing or hearings. The defendant must acknowledge receipt of the notice requirements and receipt of the hearing form if such a hearing or hearings are desired.
2000 Act No. 390, § 9, (emphasis supplied). This section became effective March 1, 2002. However, Section 34 of Act 390 made § 56-5-2934 applicable to all pending cases that have not been adjudicated on that date. Although Haase was arrested six months prior to the effective date of § 56-5-2934, her case was not adjudicated until January 2004, such that it was pending on March 1, 2002.
The circuit court ruled the state was required to comply with § 56-5-2934 and, finding the state failed to do so, the court held all evidence against Haase which arose or was collected at or after her arrest must be excluded; accordingly, her conviction was reversed. This was error. We find Haase was adequately advised pursuant to § 56-5-2934.
Haase was given Implied Consent warnings while at the Data Master site, prior to refusing the test. Pursuant to S.C.Code Ann. § 56-5-2950(a) (the Implied Consent statute), these warnings would have advised Haase that her license would be suspended if she refused the test, and that she had the right to request an administrative hearing. The purpose of the warnings under § 56-5-2934 are to advise the defendant of the consequences of refusing or failing the breathalyzer, i.e., license suspension, and to advise the defendant of the right to a hearing concerning a suspension and provide the necessary forms to request such a hearing.
Haase makes no claim that the warnings given were inadequate or improper. Rather, she contends only that the failure to give the warnings at the arrest site mandates exclusion of all post-arrest evidence of her intoxication. We disagree.
In State v. Dowd, 306 S.C. 268, 269, 411 S.E.2d 428, 429 (1991), we held that "[a]n arrest does not necessarily terminate the instant a person is taken into custody; arrest also includes bringing the person personally within the custody and control of the law." We find police, by giving Haase warnings prior to her refusal of the Data Master test, sufficiently complied with the requirements of § 56-5-2934. Accordingly, the circuit court erred in reversing Haase's conviction. The judgment below is reversed.
REVERSED.
TOAL, C.J., MOORE, BURNETT, PLEICONES, JJ., and Acting Justice J. ERNST KINARD, JR., concur.

We certified this case from the Court of Appeals pursuant to Rule 204(b), SCACR.

Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

S.C.Code Ann. § 56-5-2950(a).

This evidence includes all statements made by Haase after her arrest, all observations by police officers made after the arrest, and the videotape made in preparation for administration of the Data Master test.