**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Retha Sturdivant, Appellant.

Appellate Case No. 2011-196490

———————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-302
Heard June 5, 2013 – Filed July 3, 2013

———————

**AFFIRMED**

———————

Stuart Mark Axelrod, of Axelrod & Associates, P.A., of Myrtle Beach, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

———————

**PER CURIAM:** Retha Pierce Sturdivant appeals her conviction of resisting arrest pursuant to section 16-9-320(A) of the South Carolina Code (2003). She contends the trial court erred by failing to direct a verdict in her favor based upon the arresting officer's lack of intent to effectuate an arrest prior to any manual touching. She further argues the trial court should have directed a verdict in her favor because the underlying arrest was unlawful. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in failing to direct a verdict on the charge of resisting arrest based upon the police officer's lack of subjective intent to effectuate an arrest prior to physically restraining her, we affirm: *State v. Brannon*, 379 S.C. 487, 494, 666 S.E.2d 272, 275 (Ct. App. 2008) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury."); § 16-9-320(A) ("It is unlawful for a person [to] knowingly and wilfully . . . resist an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not."); *State v. Williams*, 237 S.C. 252, 257, 116 S.E.2d 858, 860-61 (1960) ("To constitute an arrest there must be an actual or constructive seizure or detention of the person, performed with the intention to effect an arrest and so understood by the person detained. . . . There can be no arrest where the person sought to be arrested [is] not conscious of any restraint of his liberty." (internal quotations and citations omitted)); *State v. Dowd*, 306 S.C. 268, 270, 411 S.E.2d 428, 429 (1991) ("[A]n arrest is an ongoing process, finalized only when the defendant is properly confined.").

2. As to whether the trial court erred in failing to direct a verdict because the underlying arrest was unlawful, we affirm: *Brannon*, 379 S.C. at 494, 666 S.E.2d at 275 ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, an appellate court views evidence and all reasonable inferences in the light most favorable to the State."); *id.* ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury."); *State v. Goodwin*, 351 S.C. 105, 110, 567 S.E.2d 912, 914 (Ct. App. 2002) ("'When determining the constitutional validity of an arrest, a court must consider whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their

knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [appellant] had committed . . . an offense.'" (alteration in original) (quoting *State v. Robinson*, 335 S.C. 620, 634, 518 S.E.2d 269, 276 (Ct. App. 1999))); *id.* ("'Whether probable cause exists depends upon the totality of the circumstances surrounding the information at the officer['s] disposal.'") (quoting *Robinson*, 335 S.C. at 634, 518 S.E.2d at 276); *State v. Tyndall*, 336 S.C. 8, 18, 518 S.E.2d 278, 283 (Ct. App. 1999) (stating section 16-9-320 "does not mandate the underlying arrest be prosecuted as a prerequisite for the indictment, prosecution, or conviction of resisting arrest").

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**