IRT PROPERTY COMPANY, A GEORGIA CORPORATION v. PAPAGAYO, INC., A NORTH CAROLINA CORPORATION

No. 499PA93

(Filed 3 November 1994)

**Landlord and Tenant § 12 (NCI4th); Evidence and Witnesses § 1994 (NCI4th)— breach of lease—change of shopping area to offices—language of lease not ambiguous**

The language of a lease was not ambiguous and the superior court was not in error in excluding evidence of negotiations or representations made by either party prior to the execution of the lease, where the lease stated that the "[l]andlord shall have the right at all times, in its sole discretion, to change the size, location, elevation, nature, and/or use of any portion or all of the Commons Areas, the Shopping Center or any part thereof as the Landlord may from time to time determine"; the landlord converted the mall from retail to office suites; and defendant claimed that this was a breach of the lease which caused the traffic on the mall to be reduced so that it could not continue in business. The words "shopping center," "mall," and "Galleria" in the portions of the lease describing the premises do not unambiguously refer to areas which contain only retail establishments, as defendant contended.

**Am Jur 2d, Contracts §§ 260-263; Landlord and Tenant §§ 230 et seq.**

**Comment Note.—The parol evidence rule and admissibility of extrinsic evidence to establish or clarify ambiguity in written contract. 40 ALR3d 1384.**

**Shopping center lease restrictions on type of business conducted by tenant. 1 ALR4th 942.**

**Provision in lease as to purpose for which premises are to be used as excluding other uses. 86 ALR4th 259.**

On discretionary review pursuant to N.C.G.S. § 7A-31(a) of a unanimous decision of the Court of Appeals, 112 N.C. App. 318, 435 S.E.2d 565 (1993), reversing judgment in favor of plaintiff entered 29 January 1992, by Llewellyn, J., based on a jury verdict rendered at the 13 January 1992 Civil Session of Superior Court, New Hanover County. Heard in the Supreme Court 12 September 1994.

This is an action to recover damages for the failure of the defendant to pay rent on premises it leased from the plaintiff in a shopping center mall in Wrightsville Beach, North Carolina. The defendant operated a restaurant on the premises.

The defendant filed an answer in which it alleged that it was excused from paying rent because of a breach of the terms of the lease by the plaintiff. The defendant contended the breach by the plaintiff occurred when the plaintiff converted the mall from a place with retail merchants as tenants to a place which contained "key man" office suites. Papagayo contended this was a breach of the lease that caused the traffic on the mall to be so reduced that it could not continue in business on the mall.

The superior court granted a motion *in limine* by the plaintiff, excluding evidence of negotiations or representations made by either party prior to the execution of the lease. The jury returned a verdict for the plaintiff and the defendant appealed. The Court of Appeals ordered a new trial on the ground that the terms of the lease were ambiguous and it was error for the superior court to exclude evidence to explain the terms of the lease.

We granted the plaintiff's petition for discretionary review.

*Clark, Newton, Hinson & McLean, by Reid G. Hinson, for plaintiff-appellant.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Charles C. Meeker and Stephen D. Coggins, for defendant-appellee.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by James D. Blount, Jr. and Susan Milner Parker, for International Council of Shopping Centers, Inc., amicus curiae.*

WEBB, Justice.

The resolution of this case depends on the interpretation of certain provisions of the lease which are as follows:

1.1 <u>Shopping Center</u>. The term "Shopping Center" means all that certain land and the main mall building and associated improvements, equipment and facilities now or hereafter erected thereon known as THE GALLERIA AT WRIGHTSVILLE located in New Hanover County, State of North Carolina, as more particularly described on <u>Exhibit "A"</u> attached hereto and by this reference

IRT PROPERTY CO. v. PAPAGAYO, INC.

[338 N.C. 293 (1994)]

made a part hereof, as same may be altered, expanded or reduced from time to time. Detached buildings shall not be deemed a part of the Shopping Center.

2.1 <u>Lease</u>. Landlord hereby leases and demises to Tenant those certain Premises crosshatched in red on the Floor Plan attached hereto as <u>Exhibit "B"</u> and by this reference made a part hereof, containing approximately 4,300 gross square feet of interior second floor space together with approximately 1,600 gross square feet of enclosed patio area located on the roof area of the adjoining premises (hereinafter referred to as the "Premises") in the Shopping Center together with the nonexclusive license to use the Common Areas subject to such rules and regulations as Landlord shall adopt.

4.7 <u>Common Area Control/Right of Relocation</u>. Landlord grants to Tenant and his agents, employees, and customers a nonexclusive license to use the Common Areas in common with others during the term, subject to the exclusive control and management thereof at all times by Landlord and subject, further, to the rights of Landlord set forth hereinbelow. *Landlord shall have the right at all times, in its sole discretion, to change the size, location, elevation, nature and/or use of any portion or all of the Common Areas, the Shopping Center or any part thereof as Landlord may from time to time determine,* including the right to change the size thereof, to erect buildings thereon, to sell or lease part or parts thereof, to change the location and size of the landscaping and buildings on the site, and to make additions to, subtractions from or rearrangements of said buildings.

14.11 <u>Headings, Captions and References</u>. The section captions contained in this Lease are for convenience only and do not in any way limit or amplify any term or provision hereof. The use of the terms "hereof," "hereunder" and "herein" shall refer to this Lease as a whole except where noted otherwise. . . .

14.17 <u>Representations</u>. Tenant acknowledges that neither Landlord nor Landlord's agents, employees or contractors have made any representations or promises with respect to the Premises, the Shopping Center or this Lease *except as expressly set forth herein.*

14.24 <u>Entire Agreement</u>. This Lease constitutes the entire agreement between the parties hereto with respect to the subject

matter hereof and no subsequent amendment or agreement shall be binding upon either party unless it is signed by each party. . . .

(Emphasis added.)

The language of Section 4.7 of the lease which provides that the "[l]andlord shall have the right at all times, in its sole discretion, to change the size, location, elevation, nature and/or use of any portion or all of the Common Areas, the Shopping Center or any part thereof as Landlord may from time to time determine" seems by its plain language to allow the plaintiff to change the character of the mall from a place for retail establishments to a place for "key man" office suites. *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 414 S.E.2d 30 (1992).

The defendant contends that Sections 1.1 and 2.1, when read together, provide that it leased premises in the main mall building of the Galleria shopping center. It says the meanings of the words "shopping center," "mall," and "Galleria" are clear and unambiguous, and all mean a retail area. It says with this clear meaning, as to the type area in which it leased the premises, the plaintiff cannot change the type businesses on the mall without breaching the terms of the lease. The defendant says that in light of the use of these words which demonstrate the type businesses allowed, Section 4.7 can only be read to allow changes from one type retail business to another type retail business.

We do not believe the words "shopping center," "mall," and "Galleria" unambiguously refer to areas which contain only retail establishments. "Shopping Center" is defined in Section 1.1 of the lease as certain land and buildings without any requirement that it contain retail outlets. We can take judicial notice of the fact that the building in which this Court is housed is on the Fayetteville Street Mall, which is not predominately a place of retail businesses. "Mall" does not connote retail establishments only. We do not believe "Galleria" is a word which limits an area to retail businesses only. These are non-technical words and giving them their ordinary meaning they do not limit the type businesses which may be established on the mall to retail outlets. *Woods v. Insurance Co.*, 295 N.C. 500, 506, 246 S.E.2d 773, 777 (1978). At the least, they do not affect the plain words of Section 4.7.

The defendant also argues and the Court of Appeals agreed that Section 4.7 is ambiguous in that the title of the section "Common Area Control/Right of Relocation" and the first sentence of the section

limit the right of the plaintiff to change only the common areas of the mall. Section 14.11 of the lease prevents us from considering the caption of Section 4.7 in interpreting the lease. The first sentence of Section 4.7 provides that the defendant has a nonexclusive license to use the common areas of the mall subject to the control of the common areas by the plaintiff. We can find no reason why this sentence limits the right given the plaintiff by the second sentence of the section to change the use of the mall.

We hold, based on the plain language of the lease, that the lease is not ambiguous and the superior court was not in error in excluding evidence of negotiations or representations made by either party prior to the execution of the lease.

Each party has presented questions for review which are moot in light of our decision. We do not discuss them.

For the reasons stated in this opinion, we reverse the decision of the Court of Appeals and remand to the Court of Appeals for further remand to the Superior Court, New Hanover County for the reinstatement of the judgment.

REVERSED AND REMANDED.