An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-748

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

CHRISTOPHER W. LIVINGSTON,
    Plaintiff,

v.

CAROLIN D. BAKEWELL, Esq.;
MARGARET CLOUTIER, Esq.; CARMEN H.
BANNON, Esq.; In their Individual
and official capacities; and THE
NORTH CAROLINA STATE BAR,
    Defendants.

Wake County
No. 11 CVS 00015

Appeal by plaintiff from order entered 2 January 2013 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 20 November 2013.

*Christopher W. Livingston Esq., pro se.*

*The North Carolina State Bar, by Deputy Counsel David R. Johnson and Counsel Katherine Jean, for defendant-appellee.*

PER CURIAM.

Plaintiff Christopher Livingston appeals the order entered 2 January 2013 dismissing his complaint for failure to state a claim pursuant to Rule 12(b)(6). On appeal, plaintiff contends that the trial court erred as a matter of law in dismissing his

claims. After careful review, we affirm the trial court's order.

**Background**

In his brief, plaintiff includes a great deal of facts that are irrelevant to his appeal, including a vast history of various lawsuits he has either filed or been a part of, none of which are particularly pertinent to his issues on appeal. However, the facts necessary to understand the issues on appeal are the following: Mr. Livingston filed a lawsuit in Wake County Superior Court on behalf of two individuals against Jessie Riddle ("Mr. Riddle"), a Utah attorney, Mr. Riddle's law firm, and Capital Acquisitions and Management Company ("CAMCO"), an Illinois company, alleging various causes of action based on their debt collection actions. The matter was removed to the U.S. District Court for the Eastern District of North Carolina. Although Mr. Livingston filed his application for admission to the U.S. District Court for the Eastern District of North Carolina, he failed to take the oath of office as required by court rules.

As the North Carolina case was progressing in District Court, Mr. Riddle and his law firm commenced an action against Mr. Livingston and his two clients in a Utah court. Mr.

Livingston filed a motion in North Carolina District Court to stay the Utah action. The matter came on for hearing before the Honorable Terrence W. Boyle. Judge Boyle not only questioned Mr. Livingston about his failure to take the oath of office in order to be admitted in the Eastern District, but he also criticized Mr. Livingston's motives for filing the lawsuit. After the hearing, Mr. Livingston filed a motion to disqualify Judge Boyle which even Mr. Livingston characterized as "unprofessional and extremely regrettable."

Even though Mr. Livingston was not admitted to practice law in Utah, he filed a *pro se* motion to dismiss or for summary judgment on behalf of himself and his clients.

These incidents were reported to the North Carolina State Bar ("the State Bar"), and it instituted a grievance investigation. A complaint was filed with the Disciplinary Hearing Commission ("the DHC") alleging that Mr. Livingston engaged in the unauthorized practice of law in both Utah and the Eastern District and that he engaged in conduct prejudicial to the administration of justice by filing an unprofessional motion to recuse Judge Boyle. The DHC concluded that Mr. Livingston violated Rule 5.5 of the Rules of Professional Conduct by drafting motions on behalf of his clients for filing in Utah

courts when he was not admitted to practice law there. Moreover, the DHC found that Mr. Livingston engaged in the unauthorized practice of law by appearing before Judge Boyle without taking the oath of office. In noting that these violations were minor, the DHC issued an admonition. With regard to the motion to recuse Judge Boyle, the DHC found that, although it was unprofessional, it did not constitute a violation of the Rules of Professional Conduct and entered summary judgment in favor of Mr. Livingston. *See* Order of Discipline, *State Bar v. Livingston*, 06 DHC 11 (2008). Over the next few years, the State Bar investigated several more grievances against plaintiff. However, it does not seem that these later grievances have any bearing on the current appeal.

On 31 August 2011, plaintiff filed an amended complaint against the State Bar and Carolin Bakewell ("Ms. Bakewell"), Marget Cloutier ("Ms. Cloutier"), and Carmen Bannon ("Ms. Bannon"), in both their official capacities as counsel for the State Bar and in their individual capacities asserting the following causes of action: (1) monetary claims and a request for injunctive relief pursuant to 42 U.S.C. § 1983; (2) tort claims for malicious prosecution; and (3) direct state constitutional claims based on violations of Art. 1, secs. 14,

19, and 36 of our North Carolina Constitution. As an initial matter, we note that plaintiff's complaint is often confusing and includes information related to lawsuits and cases he is involved with that have nothing to do with the State Bar's prosecution of him. On 25 September 2012, defendants filed a motion to dismiss based on Rule 12(b)(1), (2), and (6). The matter came on for hearing on 11 December 2012. On 17 December 2012, the trial court entered an order dismissing all of plaintiff's claims against all defendants based on Rule 12(b)(6). Plaintiff timely appealed.

**Arguments**

Initially, we note that plaintiff's arguments on appeal are difficult to follow and often include no factual allegations to support them. However, for the following reasons, we affirm the trial court's order as to each claim.

"When reviewing an order of dismissal for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), we assess the legal sufficiency of the complaint while taking all of the material factual allegations included therein as true." *Charlotte Motor Speedway, LLC v. Cnty. of Cabarrus*, __ N.C. App. __, __, 748 S.E.2d 171, 175 (2013). "When analyzing a 12(b)(6) motion, the [trial] court is to take all

factual allegations as true, but should not presume legal conclusions to be true." *Acosta v. Byrum*, 180 N.C. App. 562, 567, 638 S.E.2d 246, 250 (2006). "Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Bissette v. Harrod*, __ N.C. App. __, __, 738 S.E.2d 792, 797 (internal quotation marks and citations omitted), *disc. review denied*, __ N.C. __, 747 S.E.2d 251 (2013).

## I.  Plaintiff's 42 U.S.C. § 1983 Claims

Suits for relief from federal constitutional violations are authorized under Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (2000).  "When Congress enacted 42 U.S.C. §

1983, it conferred upon injured plaintiffs a federal remedy for violations of federal constitutional rights committed by state actors." *Gilbert v. N.C. State Bar*, 363 N.C. 70, 79-80, 678 S.E.2d 602, 608 (2009). "Evaluation of the applicability of § 1983 claims to the State or state officials is generally bifurcated according to the kind of relief requested." *Toomer v. Garrett*, 155 N.C. App. 462, 472, 574 S.E.2d 76, 86 (2002).

### A. Plaintiff's Request for Monetary Damages

With regard to monetary damages, our Supreme Court has concluded that, "when an action is brought under section 1983 in state court against the State, its agencies, and/or its officials acting in their official capacities, neither a State nor its officials acting in their official capacity are 'persons' under section 1983 when the remedy sought is monetary damages." *Corum v. Univ. of N.C.*, 330 N.C. 761, 771, 413 S.E.2d 276, 282-83 (1992). Accordingly, with regards to plaintiff's claims for monetary damages against the State Bar and the other defendants in their official capacities, plaintiff is not entitled to relief as a matter of law. Thus, the trial court did not err in dismissing these claims.

With regard to plaintiff's claims against defendants in their individual capacities, "public officials sued in their

individual capacities for violations of § 1983 may be held liable for monetary damages." *Toomer*, 155 N.C. App. at 473, 574 S.E.2d at 86. However, defendants may under certain circumstances raise the doctrine of qualified immunity. *Id.* "The defense of qualified immunity shields government officials from personal liability under § 1983 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* Our Court has noted that:

> Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Resolution of whether a government official is insulated from personal liability by qualified immunity turns on the objective legal reasonableness of the official's action assessed in light of the legal rules that were 'clearly established' at the time it was taken.

*Roberts v. Swain*, 126 N.C. App. 712, 718, 487 S.E.2d 760, 765 (internal citations and quotation marks omitted), *disc. review denied*, 347 N.C. 270, 493 S.E.2d 746 (1997).

Pursuant to N.C. Gen. Stat. § 84-23(a) (2013), the State Bar was created by the Legislature to, among other things,

regulate the professional conduct of attorneys. In order to do so, the State Bar is tasked with investigating and prosecuting matters of attorney misconduct. *Id.* The procedural rules that the State Bar must follow in this effort are codified in the North Carolina Administrative Code. *See generally*, 27 N.C.A.C. Ch. 1, Sub. B, § .0100 et seq. (2013).

Here, in the complaint, plaintiff claims that the State Bar "illegally harassed" him by: (1) not taking any action against Judge Boyle; (2) taking the side of bill collectors and corporate lawyers; (3) failing to take action against CAMCO and Mr. Riddle's law firm; (4) "obstructing consumer justice by aiding and comforting scofflaw debt collectors and their corporate lawyers"; (5) knowingly prosecuting plaintiff on a false charge of UPL; (6) filing frivolous lawsuits against him; and (7) acting unprofessionally and arrogantly when plaintiff tried to discuss the case. While the complaint contains these types of conclusory allegations, plaintiff provides no factual basis for them. Moreover, based on our review, we conclude that defendants' actions were objectively reasonable and well within their authority as set out in the administrative rules. Therefore, defendants, in their individual capacities, are entitled to the defense of qualified immunity with regard to

plaintiff's § 1983 claims against them.

**B. Injunctive Relief**

Finally, with regard to plaintiff's request for injunctive relief with regard to his § 1983 claims, "where a plaintiff seeks injunctive relief against the State and its officials, state officials acting in their official capacities are considered 'persons' under § 1983." *Toomer*, 155 N.C. App. at 472-73, 574 S.E.2d at 86. Furthermore, the defense of qualified immunity is not available in suits for injunctive relief against the State and its officials acting in their official capacities. *Corum*, 330 N.C. at 772, 413 S.E.2d at 283.

In his complaint, plaintiff requests the trial court issue a permanent injunction prohibiting the State Bar from continuing with "meritless grievances" now pending against plaintiff and "forbidding all future illegal harassment of [p]laintiff." While it is undisputed that injunctive relief may be an available remedy for a plaintiff, here, the absence of factual allegations necessary to establish defendants' actions were such that plaintiff was entitled to this type of relief defeats his claim. The State Bar and the individual defendants, as counsel for the State Bar, are statutorily required to regulate the legal profession. While plaintiff may feel as if their

prosecution of him was unreasonable, he has failed to include the facts necessary to prove it. In contrast, nothing in plaintiff's complaint or in defendants' motion to dismiss indicates that defendants did not pursue their investigation properly. Therefore, plaintiff is not entitled to prohibit the State Bar from doing its job when its conduct was reasonable. Accordingly, the trial court did not err in dismissing this claim pursuant to Rule 12(b)(6).

## II. Plaintiff's Malicious Prosecution Claims

"Malicious prosecution is a theory applicable to criminal, civil, and administrative proceedings that have been instituted with malice and without probable cause." *Gilbert*, 363 N.C. at 79, 678 S.E.2d at 607. In order to prevail, a plaintiff must establish the following elements: "(1) the proceeding was instituted maliciously; (2) without probable cause; and (3) has terminated in favor of the person against whom it was initiated." *Carver v. Lykes*, 262 N.C. 345, 352, 137 S.E.2d 139, 145 (1964).

Plaintiff's claim for malicious prosecution fails for two reasons. First, there is no indication that defendants acted without probable cause. In the case against plaintiff, the Grievance Committee found probable cause and issued a censure.

Plaintiff rejected the censure and requested a hearing before the DHC. Based on that hearing, the DHC issued an admonition based on plaintiff's unauthorized practice of law in both Utah and the Eastern District. While the DHC concluded that plaintiff's motion to recuse Judge Boyle did not violate the Rules of Professional Conduct, even plaintiff characterized his motion to recuse as "unprofessional." Thus, while the DHC may not have specifically disciplined plaintiff for his motion, his own concession regarding the tone of it establishes that the Grievance Committee had reason to believe that plaintiff had violated the Rules of Professional Conduct.

Second, plaintiff has failed to include facts showing that defendants acted with malice. "Malice in a malicious prosecution claim may be shown by offering evidence that [a] defendant was motivated by personal spite and a desire for revenge or that [a] defendant acted with reckless and wanton disregard for plaintiffs' rights." *Kirschbaum v. McLaurin Parking Co.*, 188 N.C. App. 782, 789, 656 S.E.2d 683, 688 (2008). With regard to defendants' purported acts of malice, plaintiff alleges, among other things, that defendants: (1) knowingly falsely prosecuted him for the unauthorized practice of law in the Eastern District; (2) filed complaints against him solely

for the purpose of retaliation and harassment; (3) acted unprofessionally in their prosecution of him; (4) frivolously argued wrong law and misrepresented the facts of binding caselaw; and (5) intentionally wasted his time. Even treating these allegations as true, they are insufficient to establish that defendants acted with a personal desire for revenge or were done in wanton disregard of plaintiff's rights. Accordingly, based on both the presence of probable cause and plaintiff's inability to establish actual or implied acts of malice, defendant's claims for malicious prosecution fail.

## III. Plaintiff's Direct State Constitutional Claims

In his prayer for relief, plaintiff contends that the facts pled have violated his rights under North Carolina's Declaration of Rights. Specifically, plaintiff alleges the following violations: (1) violation of section 1 by "irrationally treating persons similarly situated to [him] as being above the law and allowing them to cause great public harm"; (2) section 5 by "acting inconsistently with the supremacy of the United States Constitution"; (3) section 14 by "restraining and punishing [his] freedom of speech"; and (4) section 19 by "depriv[ing]" him of property and denying him equal protection. Plaintiff asserts these claims against defendants in both their official

and individual capacities.

### A. Claims Against Defendants in their Individual Capacities

With regard to plaintiff's claims against Ms. Bakewell, Ms. Bannon, and Ms. Cloutier in their individual capacities, we note that "North Carolina does not recognize direct North Carolina constitutional claims against public officials acting in their individual capacities." *Bigelow v. Town of Chapel Hill*, __ N.C. App. __, __, 745 S.E.2d 316, 327, *disc. review denied*, __ N.C. __, 747 S.E.2d 543 (2013).  Thus, we affirm dismissal of all of plaintiff's claims against defendants in their individual capacities.

### B. Claims Against Defendants in their Official Capacities

With regard to plaintiff's direct constitutional claims against the State Bar and defendants in their official capacities, our *de novo* review reveals that plaintiff's complaint fails to include the necessary factual allegations to support his contention that defendants violated sections 1, 5, 14, and 19 of the North Carolina Declaration of Rights.  Instead of providing facts to set out the necessary elements of his constitutional claims, plaintiff only makes conclusory statements such as "Ms. Bakewell on behalf of the Bar

frivolously argued knowingly wrong law, misrepresented the facts and holdings of almost every court opinion she cited, and ignored clear and binding U.S. Supreme Court precedent." Similarly, purportedly in support of his equal protection claim, plaintiff argues that the State Bar does not discipline what plaintiff refers to as "corporate lawyers" but, instead, only harasses him. Although we must treat all factual allegations as true in a plaintiff's complaint, these types of statements are conclusory, and they are not entitled to the same presumption on review. By not providing some factual foundation for these conclusory allegations, plaintiff's complaint, on its face, is insufficient to defeat defendants' motion to dismiss. Consequently, we affirm the trial court's order.

## Conclusion

In summary, the trial court did not err in granting defendants' motion to dismiss as to all of plaintiff's claims for failure to state a claim based on the following reasons. Because the State Bar and defendants in their official capacity are not "persons," plaintiff is not entitled to seek monetary relief against them pursuant to § 1983. With regard to plaintiff's request for monetary damages against defendants in their individual capacities, defendants are entitled to the

defense of qualified immunity and are shielded from liability under § 1983. Plaintiff's request for injunctive relief pursuant to § 1983 fails because he has not included the necessary factual allegations to establish that he is entitled to this type of remedy. Plaintiff is not entitled to relief for his tort claim of malicious prosecution because plaintiff has failed to establish that defendants acted without probable cause and with malice. Finally, as a matter of law, plaintiff may not seek relief against defendants in their individual capacities for direct constitutional claims under the North Carolina Constitution. With regard to his direct constitutional claims against defendants in their official capacities, plaintiff's claims fail because plaintiff has not included the necessary factual allegations to support his claims.

AFFIRMED.

Panel consisting of: Judges HUNTER, Robert C., CALABRIA, and HUNTER, JR., Robert N.

Report per Rule 30(e).